GENESEE FRUIT COMPANY, Respondent, v.
CLARKSVILLE CIDER COMPANY, Appellant.

**St. Louis Court of Appeals, October 31, 1905.**

**EVIDENCE: Expert Testimony: Hearsay: Market Reports.** Where
the business of a witness renders him familiar with market
values of the commodity in which he deals, his testimony as an
expert can not be excluded on the ground that it is hearsay, al-
though he did not, of his own knowledge, know of sales at the
prices he testified to, but obtained his information from market
reports.

Appeal from St. Louis City Circuit Court.—*Hon. Matt.
G. Reynolds*, Judge.

Appeal from order granting a new trial on motion
of plaintiff.

AFFIRMED AND REMANDED (WITH DIRECTIONS).

*W. G. Schofield* for appellant.

(1)   It is also true that a demurrer to the evidence
in a jury trial invokes a conclusion of law, and admits
every material fact proven and every inference that can
be reasonably and logically drawn from the testimony,
but it must be legal evidence and not mere guess or con-
jecture.   Galbout v. Clark, 24 Mo. App. 426; Mueller v.
Gillick, 66 Mo. App. 504.   (2)   In the absence of real or
substantial damage, plaintiff is only entitled to nominal
damages.   Flynt v. Railroad 38 Mo. App. 94.

*Lee W. Grant* and *P. B. Kennedy* for respondent.

GOODE, J.—Both the parties to this action are
corporations.   The plaintiff company is engaged in the
manufacture and sale of cider, vinegar and other apple
products in the city of New York and the defendant is

engaged in buying and selling cider and vinegar in the city of St. Louis. On January 28, 1902, the defendant agreed to purchase from the plaintiff 1,500 barrels of pure cider vinegar at twelve and one-half cents a gallon, barrels included, to be delivered to the defendant at St. Paul, Minnesota, at such times within the year of the contract and during the season of lake navigation as defendant might require. Plaintiff guaranteed the vinegar to be four and one-half per cent, or forty-five grains strength. Defendant agreed to order, receive and pay for that quantity of vinegar during the year. On February 4, 1902, the defendant agreed to purchase of plaintiff one hundred barrels of pure cider vinegar at thirteen and one-half cents a gallon, barrels included; said vinegar to be five and one-half per cent, or fifty-five grains, strength. In other respects the terms of the second contract were similar to those of the first. Both were in writing.

The petition in the present case declares on both contracts, and contains two counts, one on the first and the other on the second. The first count alleges that during the year 1902, the defendant purchased of plaintiff three hundred and ninety-five barrels of vinegar in accordance with the first contract, but refused to purchase and receive from plaintiff the remainder of the vinegar, to-wit: 1,105 barrels, to plaintiff's damage in the sum of $1,038.70. The second count avers that the defendant purchased and received from the plaintiff in the year 1902, fifty barrels of vinegar as provided in the second contract, but refused to purchase and receive the other fifty barrels, to plaintiff's damage in the sum of $47.

The answer was a general denial with a special defense not important on the appeal.

By direction of the court, the jury returned a verdict in plaintiff's favor for nominal damages on each count of the petition. The verdict was afterwards set

aside on the ground that error had been committed in instructing the jury to allow only nominal damages.

The testimony established the averments of the petition in regard to the quantity of vinegar purchased and received by defendant and its refusal to comply further with its agreements. The only point for decision relates to the instruction for nominal damages, which was given on the theory that no proof of substantial damages had been adduced. But the learned circuit judge changed his opinion regarding the ruling, and for that reason set aside the verdict and ordered another trial. The only evidence as to the damage sustained by the plaintiff by defendant's breaches, was given by a merchandise broker residing in St. Paul, Minnesota, where the vinegar was to be delivered to and received by the defendant. It is conceded by the plaintiff that there was no showing of substantial damages on the second count of the petition and, therefore, that the instruction for nominal damages on that cause of action was correct. By the contract declared on in the first count, the defendant was to pay twelve and one-half cents a gallon for the vinegar purchased. The broker testified that it was part of his business to buy and sell vinegar and that he was familiar with the prices of different grades of that article during the years 1902 and 1903; that navigation closed on the Great Lakes in the latter part of November in 1902, and that the market price in St. Paul, during said year, at the close of navigation, of vinegar such as was called for by the first contract between the parties, was twelve cents a gallon, including barrels and freight charges. If that testimony was true, the plaintiff would have made a profit of one-half cent a gallon on the 1,105 barrels of vinegar the defendant refused to receive had the contract been carried out in full. But for the defendant it is contended that the testimony was incompetent because, on cross-examination, the witness swore he did not know of his own personal knowledge, of any sales of vinegar

of forty-five grains strength, during the year 1902; show-ing thereby that his testimony regarding the price was hearsay. The witness qualified as an expert on the mar-ket values of vinegar of the different grades in St. Paul during that year, and swore he was familiar with those values. His business naturally would render him fam-iliar with them. His testimony was admissible. He could have known the market prices and what vinegar of the given grade would have brought if sold, though no sales were actually made. It is not an objection to the evidence of a witness who qualifies as an expert as to market prices, that his statement of a certain price rests on hearsay; for he can derive accurate knowledge from current quotations in the market. [Wharton, Evi-dence (3 Ed.), sec. 449; Greenleaf, Evidence (16 Ed.), sec. 430; 1 Elliott, Evidence, sec. 685; State v. Darrah, 152 Mo. 522, 54 S. W. 226.]

The order for new trial is affirmed as to the first count and the cause remanded with directions to the court to retry the issues on that count of the petition, allowing the verdict to stand on the second count, and to enter judgment on both counts after retrying the issues on the first. All concur.